IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.                             NO. 4:05CR00140-01 GTE

SYRIS MARQUISE HUMPHREY                                                          DEFENDANT

### ORDER

Following a hearing, the United States' motion for revocation of pretrial release (docket entry #27) is granted. This is the second motion the United States has filed for revocation. Following a hearing on the first, Defendant was specifically warned that future violations could result in revocation.

The evidence showed that on June 7 or early morning hours of June 8, 2006, a search warrant was served on the home in which Defendant was living. Police found marijuana cigarettes and marijuana seeds. Although another individual attempted to claim responsibility for the illegal drugs, Defendant has been charged in state court with possession of marijuana, third offense, which is a felony, state probation violation, possession of drug paraphernalia, and contributing to the delinquency of a minor. Only Defendant and a seventeen-year-old person were present at the house at the time of the search. Defendant has had his initial appearance before the state court and has been released on $50,000 bond.

Pretrial Officer Jay Hudson testified that he had spoken with a Forrest City, Arkansas officer, who stated that the search warrant was based on an affidavit which related that an informant had earlier made a controlled buy of illegal drugs from Defendant. Strict rules of evidence do not apply in revocation hearings. Although the Court is reluctant

to rely on hearsay and feels that the United States should have made greater efforts to obtain the testimony of an officer or at least obtained a copy of the affidavit for search warrant, the Pretrial Officer's testimony is sufficient to sustain an order revoking Defendant's conditions of release.  The Court has ordered that the United States obtain a copy of the affidavit in question as soon as possible and furnish the same to defense counsel, who could file an immediate motion, if warranted.

The Court finds there is probable cause to believe Defendant violated the laws of the State of Arkansas and federal law and further finds that, given the history of his poor compliance with the terms of release that he is unlikely to abide by any conditions or combination of conditions the Court could impose.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 29th day of June, 2006.

_____
UNITED STATES MAGISTRATE JUDGE